UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH CHRISTANO,

                                Plaintiff,

v.                                             Civil Action No. _____

ALPHA RECOVERY CORPORATION

                                Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff Joseph Christano is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Alpha Recovery Corporation ("Alpha") is a foriegn business corporation organized and existing under the laws of the State of Colorado and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a credit card debt with HSBC/Capital One. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter allegedly defaulted on the subject debt.

12. That upon information and belief Defendant was employed to collect on the subject debt.

13. That in or about November of 2013, Defendant began calling Plaintiff multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

14. That on November 29, 2013, Plaintiff set up a payment plan with Defendant where the first payment of $59.95 was authorized to be withdrawn from Plaintiff's checking account.

15. That on December 23, 2013, an authorized payment in the amount of $112.78 from the Plaintiff's checking account was withdrawn by the Defendant.

16. That on January 17, 2014, another authorized payment in the amount of $159.95 from the Plaintiff's checking account was withdrawn by the Defendant.

17. That in or about December of 2013, after Plaintiff set up his payment plan and provided his checking account information, Defendant contacted Plaintiff's mother and disclosed the existence of the alleged subject debt to her.

18. That on February 21, 2014, Defendant contacted the Plaintiff regarding a settlement offer of $583.00. Plaintiff told Defendant that he had to speak to his tax preparer to see what he was receiving for his tax return and would call them back that following Monday.

19. That on February 24, 2014, Plaintiff contacted Defendant to inform them that he was unable to settle the account for $583.00 at that time but inquired what the lowest settlement amount Defendant would accept. Defendant responded that they would accept $450.00 to settle the account. Plaintiff told Defendant that he would contact Defendant that Friday to see if it was possible for him to make that payment.

20. That on February 28, 2014, Plaintiff saw that his checking account showed an unauthorized withdrawal of $583.00 by the Defendant. Plaintiff contacted the Defendant about the unauthorized withdrawal and the Defendant stated that they took the payment

as they didn't think that the Plaintiff would want to lose out on the settlement offer. Plaintiff demanded his money to be returned but the Defendant stated "too bad, no refunds."

21. That Defendant never sent Plaintiff any written correspondence of their intent to withdraw the $583.00 from Plaintiff's checking account.

22. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

23. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

24. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(2) by contacting Plaintiff's mother and disclosing the existence of the alleged subject debt despite having a good contact number for the Plaintiff.

    B. Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(2) by accepting or soliciting a postdated check by more than 5 days without 3 business days written notice of intent to deposit.

    C. Defendant violated 15 U.S.C. §1692f, 15 U.S.C. §1692f(1), 15 U.S.C. §1692f(4) and 15 U.S.C. §1692f(6) by the unauthorized withdrawal of $583.00 from the Plaitniff's checking account.

    D. Defendant violated 15 U.S.C §1692e(11) by failing to communicate the mini-Miranda warning when speaking with the Plaintiff.

    E. Defendant violated 15 U.S.C. §1692g by failing to send the consumer a 30-day validation notice within five days of the initial communications.

25. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 29, 2014

    /s/ Seth J. Andrews_____
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com
    khiller@kennethhiller.com